## M. H. BUTLER *v.* W. J. HILL.

1. MORTGAGE. *Growing crop subject of.* The owner of a growing crop of cotton has such a property in it as may be conveyed by mortgage or deed of trust, and the proper registration of such deed is notice to the world, and enables the trustee to sue and recover the cotton from a party, who purchased it in good faith after it had been gathered, ginned and baled, for a valuable consideration, and without any knowledge in fact of the deed of trust.

2. TRUSTEE. *Failing to give security. Who may complain.* The provisions of the law requiring trustees to give security, was intended for the benefit of the beneficiaries in the trust deed. If they choose to dispense with security, others, having no interest, can not complain. The trust is not defeated by a failure to give security. Code, §§ 2,030, 2,073.

---

### FROM GILES.

---

Appeal from the Circuit Court.    A. M. HUGHES, Judge.

JNO. C. BROWN for Hill.

T. M. JONES for Butler.

NICHOLSON, C. J., delivered the opinion of the Court.

In June, 1866, W. P. Kennedy conveyed his growing crop of cotton of twenty-two acres to M. H. Butler, in trust, to secure several debts due by notes specified in the deed, which, if not paid by the 25th of December, 1866, then the trustee to sell. The deed was acknowledged and noted for registra-

tion on the 9th of June, 1866. After Kennedy had picked out his cotton and had it ginned, he sold two bales to W. J. Hill, in December, 1866, for $157. Hill paid for the cotton, not knowing of the deed of trust. Upon his refusal to account to Butler for the cotton, suit was brought in the Giles Circuit Court, and under the charge of the Court that the growing crop was a proper subject for a deed of trust, and that its registration was notice to all the world, the jury found a verdict for Butler, whereupon Hill moved for a new trial, showing by his own affidavit, supported by others, that Butler had not given bond as trustee, etc. The motion for new trial having been overruled, Hill has appealed to this Court.

1. It is said that it was error in the Circuit Judge to charge the jury that the owner of a growing crop could convey it by mortgage or deed of trust, and that the registration of such conveyance would be notice to all the world.

Among the instruments of writing for the registration of which provision is made in the Code, are "all mortgages and deeds of trust of either real or personal property." § 2,030. And by § 2,073, "all of said instruments so registered shall be notice to all the world, from the time they are noted for registration." The only question then is, whether the owner of a growing crop has such an interest in it that he can sell or convey it by mortgage or deed of trust? While it is growing and attached to the soil, it is clearly an interest in the real estate, and

when severed and converted into ginned cotton and pressed, it continues to be the same crop, and is still trust property. In either shape he has such property in it as he can lawfully sell or convey by mortgage or deed of trust. Its identification as part of the crop embraced in the deed is a question of fact for the jury. There was, therefore, no error in the charge. Nor was there an error in overruling the motion for a new trial. The provision of the law requiring trustees to give security was intended for the benefit of the beneficiaries in the trust deed. If they choose to dispense with security, others, having no interest, can not object. The trust is not defeated by a failure to give the security, and therefore the claim of the plaintiff would not have been affected if the defendant had made the proof which he specifies in his affidavits.

Judgment affirmed.